# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 8, 2011

Robert P. Young, Jr.,
Chief Justice

142593

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

                                   SC: 142593
                                   COA: 301198
                                   Cass CC: 09-010155-FH

RAYMOND JOSEPH-LEE HULBEN,
      Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the January 24, 2011 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARILYN KELLY, J. (*dissenting*).

This case presents the issue of whether probation restrictions imposed on defendant, one of which is explicitly based on student safety zone provisions in the Sex Offenders Registration Act (SORA),[1] withstand constitutional scrutiny. Because I believe that the Supreme Court has the responsibility to address this jurisprudentially significant issue, I would grant defendant's application for leave to appeal.

Defendant pled guilty to three counts of possession of child sexually abusive material. He was sentenced to five years' probation, the first year to be served in jail. After sentencing, defendant challenged several conditions of his probation, including one drawn from the student safety zone provisions in SORA. Specifically, defendant challenged the restriction that he "must not reside, work, or be within 1,000 feet of the property of any student safety zone (developmental kindergarten through 12[th] grade school) unless [he] meet[s] a statutory exemption and ha[s] prior written approval of the field agent."[2] Defendant further challenged the trial court's extrastatutory restriction that he "must not go to or be within 500 feet of parks, municipal swimming pools, playgrounds, child care centers, pre-schools, arcades, or other places primarily used by individuals 17 years or under without prior written approval of the field agent."[3]

---

[1] MCL 28.721 *et seq.*

[2] See MCL 28.733(f); MCL 28.734(1)(a) and (b); MCL 28.735(1).

[3] MCL 28.734(1)(a) and (b) prohibit persons required to be registered under SORA from working or loitering within a student safety zone, respectively. MCL 28.733(b) defines "loiter" as "to remain for a period of time and under circumstances that a reasonable

The trial court declined to remove these restrictions from the probation order. The Court of Appeals denied defendant's application for leave to appeal. It concluded that defendant's challenge was not ripe for review because defendant had failed to show an actual or imminent injury sufficient to create a live case or controversy. It also noted that defendant's constitutional challenge to the restrictions failed to allege any facts to suggest even an incidental infringement of his constitutional rights.

Defendant subsequently filed an application for leave to appeal in this Court. He claims that the student safety zone restrictions infringe on his constitutional rights to privacy, establish a home, maintain family relationships, travel, and pursue a chosen profession without unreasonable governmental interference. He also contends that the restrictions violate his federal and state due process rights.

Contrary to the terse order issued by the Court of Appeals, it can hardly be said that this case is not ripe for appellate review. The ripeness doctrine prevents the adjudication of hypothetical or contingent claims before an actual injury has been sustained. As the United States Supreme Court stated in *Thomas v Union Carbide Agricultural Products Co*, a claim is not ripe if it rests on "'contingent future events that may not occur as anticipated, or indeed may not occur at all.'"[4]

Here, the probation order restrictions are so sweeping that they potentially prevent defendant from such activities as obtaining employment, seeking medical assistance, or traveling to or from his place of worship. His claims are based not on contingent future events, but on the fact that he is barred from certain areas *right now*. Moreover, the scope

person would determine is for the primary purpose of observing or contacting minors." By contrast, the provision in defendant's probation order prohibits him from even *being* within a student safety zone.

[4] *Thomas v Union Carbide Agricultural Prod Co*, 473 US 568, 580-581 (1985) (citation omitted).

of these restrictions raises questions such as, How can defendant be aware of every church with a child-care center and of every location primarily used by people under 17 years of age?

As noted, the prohibition against being within 500 feet of parks, municipal pools, playgrounds, child-care centers, or other places primarily used by people under 17 years of age has no statutory basis. Defendant challenges this judicially crafted prohibition as unconstitutional. Because these restrictions in defendant's probation order may not withstand constitutional scrutiny, defendant is entitled to have them addressed by this Court.

In sum, this case is ripe for review. And the Court of Appeals' conclusion that defendant failed to allege facts sufficient to suggest even an incidental infringement of his constitutional rights is highly questionable.[5] Defendant raises issues of first impression in Michigan that deserve the Court's consideration.

For these reasons, I would grant the application for leave to appeal.

CAVANAGH, J., joins the statement of MARILYN KELLY, J.

HATHAWAY, J., would grant leave to appeal.

---

[5] Other state supreme courts have struck down as unconstitutional restrictions that operated as regulatory takings of property without just compensation. See, e.g., *Mann v Georgia Dep't of Corrections*, 282 Ga 754 (2007) (holding that a statute prohibiting the defendant from residing or working within 1,000 feet of a facility where minors would congregate amounted to an unconstitutional taking without adequate compensation); *State v Pollard*, 908 NE2d 1145 (Ind, 2008) (holding that a statutory residency restriction that prohibited the defendant from residing within 1,000 feet of a school, youth program center, or public park was unconstitutional).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 8, 2011

_____
Clerk

d0705